UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

DEBRA A. FARMER,                            )
            Plaintiff,                      )
                                            )
        vs.                                 )          1:08-cv-0379-DFH-JMS
                                            )
SENIOR HOME COMPANIONS OF                   )
INDIANA, INC.,                              )
            Defendant.                      )


**<u>ENTRY ON MOTION TO QUASH</u>**

This matter is before the magistrate judge on Defendant's Motion to Quash Plaintiff's

Proposed Non-Party Subpoenas (Dkt.# 30).  The motion is fully briefed, and the magistrate

judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1981, contends "that the

Defendant subjected the Plaintiff to less favorable terms and conditions of employment, and

failed to promote Plaintiff, due to her race of African American. Specifically, Plaintiff maintains

that the Defendant reduced Plaintiff's hours and gave those hours of work to Caucasian

caregivers, and the Defendant only provided Plaintiff with one raise during her tenure, whereas

Caucasians were given raises yearly."  (Dkt. #14).

Plaintiff refers to Defendant as her "employer," an allegation Defendant denies.  Plaintiff

also describes her relationship with Defendant as contractual in nature, which Defendant admits.

(Dkt. # 9, Answer to ¶ 18 of Complaint).  The parties do agree, that however the relationship is

characterized, they entered into a "Senior Home Companions, Inc. Provider Referral Agreement" (the "Agreement"). (Dkt. # 9, Answer to ¶ 14 of Complaint)   The Agreement discusses Plaintiff's work as an in-home caregiver who serves primarily elderly or disabled people. Defendant asserts it is a referral service, and its customers pay caregivers such as Plaintiff directly, and then pay a separate referral fee to Defendant.  (*See* Dkt. # 32 Ex. A).

The non-party subpoenas proposed by Plaintiff seek to discover documents possessed by customers for whom she has provided care.  She argues that the issue of who sets her pay rate is critical to her claim about pay discrimination based on race.  (Dkt. # 31 pgs. 4-6).  Defendant rejoins that it has offered to stipulate that it sets her hourly rate of pay, although the clients may choose to pay a caregiver at the higher rate of $12 or the lower rate of $11 per hour.  The gross amount paid by the client does not change with the caregiver's hourly rate; the total amount is $16 per hour.  (*See* Dkt. # 32 Ex. A).

Plaintiff asserts that she has a right to verify who determines the rate of pay, how that rate of pay is determined, who determines the hours, and how the hours are determined.  (Dkt. # 31, pg. 6).  As to the rate of pay,  Defendant has offered to stipulate that it sets the hours of pay.  As Defendant's proposed stipulation is consistent with both Plaintiff's testimony (Dkt. # 32 Ex. B pg. 7) and her Complaint, there is nothing more at issue.  That leaves the issue of who determines Plaintiff's hours, and how they are determined.

The magistrate judge has some history with the parties concerning the subject of the Motion to Quash that bears mentioning.  On January 29, 2009, the Court conducted a discovery conference.  At that time, both sides sought to serve non-party subpoenas to which the other side objected.  Plaintiff sought the information noted above from Defendant's clients, and Defendant

sought to serve a subpoena on another current employer of Plaintiff. Both articulated

interference with existing business relationships as a common basis for seeking to avoid the non-

party subpoenas.[1] Defendant also raised then, as it does now, the infirmity (and in some cases

death) of the intended recipients of the Plaintiff's subpoenas. As noted in the entry, the parties

were to attempt a cooperative approach to resolving these issues. The Court also stated, "[t]he

Court further advised that in ruling on any upcoming motions, the same standards would be

applied to both parties, as the parties both raise similar grounds as a basis to quash the

subpoenas." (Dkt. # 28).

Following that conference, Defendant agreed to accept supplemental documentation from

Plaintiff, in lieu of service of its non-party subpoenas. Defendant also had already supplemented

its document production, providing copies of all of its contracts with the customers identified in

the proposed subpoenas. Thus, Defendant argues, the parties have engaged in similar

supplemental discovery that should moot the non-party issues. But Plaintiff persists.

The back and forth of counsel's discussions on the non-party subpoena controversy are

documented in Defendant's L.R. 37.1 statement. (Exhibits to Dkt. # 29). In counsel's efforts to

resolve the issue, they addressed the considerations noted by the Hon. V Sue Shields, Magistrate

Judge, in an earlier case that involved both of their law firms; *Moffat v. Seymour Tubing, Inc.*, IP

01-1953-C(B/S) (S.D. Ind. 2002). Plaintiff relied on Judge Shield's opinion in *Moffatt* to

---

[1]Plaintiff argues Defendant lacks standing to challenge the non-party subpoenas to its clients. However, "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." U.S.v. Raineri, 670 F.2d 702, 712 (7thCir.1982). Interference with Defendant's relationship with its clients is a legitimate interest, just as interference with Plaintiff's relationship with her other employer was a legitimate interest in order for her to have standing to raise issue with Defendant's proposed non-party subpoena.

support its contention that Defendant should not send a non-party subpoena to Plaintiff's other

current employer.  While Defendant thought *Moffatt* distinguishable, and Plaintiff claimed

*Moffatt's* logic didn't apply to its subpoenas to the customers, the Court finds it persuasive.

Judge Shields noted:

> The scope of permissible discovery under Federal Rule of Civil Procedure
> 26(b)(2) is not unlimited, and it is the court's duty to consider whether
> "the burden or expense of the proposed discovery outweighs its likely
> benefit, taking into account the needs of the case, the amount in
> controversy, the parties' resources, the importance of the issues at stake in
> this litigation, and the importance of the proposed discovery in resolving
> the issues." Rule 26(b)(2).   Applying these factors to routine discovery
> requests to former and subsequent employers, the magistrate judge
> determines that the potential relevance of any information obtained by
> such discovery is limited, while the potential for prejudice to the
> plaintiff–especially where her current employer is concerned–is high.  In
> addition, it cannot be ignored that this type of discovery poses a burden on
> third parties–again, for what is likely to be little, if no, information
> relevant to this case.  Therefore, unless Seymour Tubing can point to some
> specific reason why this type of discovery is appropriate under the facts of
> this case, Moffat's motions to quash must be granted.

In this case, the proposed discovery poses a burden on third parties, elderly and infirm third

parties at that, for what is likely to be little, if no, information relevant to the case.

Moreover, Plaintiff points to no deficiency in the Defendant's supplemental production

that requires additional discovery of the non-parties.  Instead, Plaintiff asserts that she has a right

to **verify** who determines the rate of pay, how that rate of pay is determined, who determines the

hours, and how the hours are determined.  (Dkt. 31, p. 6) Again, the emails from Plaintiff's

counsel are instructive:

> It is vitally important that we come to our own independent conclusion, based on
> evidence from all angles, as to who is responsible for Ms. Farmer's rate of pay and
> Ms. Farmer's hours. As you well know, section 1981 allows claims against the

clients themselves in the event they unlawfully discriminated against caregivers because of their race, and we have to make sure we have the right defendant in this matter, otherwise new lawsuits may materialize in the future.

(Dkt. #29 Ex.15).

As Defendant notes, it is improper to use third-party discovery in the instant litigation as a vehicle for Plaintiff to pursue other potential claims. "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim." *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1327 (Fed. Cir. 1990).

For the foregoing reasons, Defendant's motion is **GRANTED.**

**SO ORDERED.**

03/05/2009

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

John H. Haskin
HASKIN LAUTER & LARUE
jhaskin@hlllaw.com

Anne B. Hayes
BARNES & THORNBURG LLP
anne.hayes@btlaw.com

John T L Koenig
BARNES & THORNBURG LLP
jkoenig@btlaw.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
rsink@hlllaw.com